FIDELITY UNION TRUST COMPANY, A CORPORATION OF THE STATE OF NEW JERSEY, AS TRUSTEE APPOINTED BY THE COURT OF CHANCERY BY AN ORDER DATED APRIL 29TH, 1935, MADE "IN THE MATTER OF PROCEEDINGS UNDER THE MORTGAGE GUARANTY CORPORATIONS' REHABILITATION ACT AFFECTING THE FIDELITY UNION TITLE AND MORTGAGE GUARANTY COMPANY" RE MORTGAGE INVESTMENT NO. M-67854, PLAINTIFF-RESPONDENT, v. BELLA CHAUSMER, WIDOW, DEFENDANT-APPELLANT.

Submitted February 11, 1938—Decided April 29, 1938.

For the defendant-appellant, *Joseph Zemel.*

For the plaintiff-respondent, *Hood, Lafferty & Campbell* (*Richard C. Plumer,* of counsel; *Edward J. Brown,* on the brief).

The opinion of the court was delivered by

TRENCHARD, J. This is an appeal from a judgment of the Supreme Court entered in favor of the plaintiff after the Circuit Court judge, sitting as Supreme Court commissioner, struck out defendant's answer.

The suit was to recover a deficiency on a mortgage debt after foreclosure and confirmation of sale. The main defense sought to be raised in this suit was that there had been a failure to make certain month to month tenants in the premises in question (known as 67-71 Springfield avenue, Newark), defendants in the foreclosure action, and that therefore the right to an action at law for the deficiency was lost, citing *American-Italian Building and Loan Association* v. *Liotla,* 117 *N. J. L.* 467.

There was no denial of the failure to make some of the tenants parties. The facts are that a decree was entered in the foreclosure suit adjudging that the sum of $82,487.26 was due to the complainant upon the bond and mortgage and directing a sale. At the sale the property was bid in by the complainant in foreclosure for the sum of $100. The defendant objected to the confirmation of the sale upon the ground of inadequacy of the sale price, and petitioned the Court of Chancery to fix the fair market value of the premises. Testimony was taken and the court found the value of the mortgaged premises to be $55,000. There were municipal liens superior to the mortgage in the sum of $11,906.26 against the property; so it was ordered that a decree for the difference of $43,093.74 be given upon the debt as a condition to confirmation. This was done by the complainant and the present suit commenced.

The defendant's answer averred no knowledge or information as to those portions of the complaint which set out the proceedings in the Court of Chancery. This portion of the answer was sham and was properly struck out, and that action was made a ground of appeal; but since it is not argued here, either orally or on brief, it is considered to have been abandoned and waived. *Cleaves* v. *Yeskel*, 104 *N. J. L.* 497.

Moreover, where, as here, a motion is made to strike an answer or a portion thereof because it is sham or frivolous, or both, the affidavit legally and sufficiently challenging such pleading must be contradicted or rebutted by an answering affidavit or affidavits, so as to raise a dispute as to the facts or law, or both; otherwise the pleading will be struck. *Pehle* v. *Saddle River Township*, 119 *N. J. L.* 156. Here there was no sufficient answering affidavit.

The answer set up three separate defenses. The first raised the principal question here involved, namely, the effect of the failure to make certain tenants parties to the foreclosure. The second was to the effect that certain tenancies entered into by the rent receiver, appointed at the insistence of the plaintiff, had not been cut out by the sale. The third set up that the notice of intention to commence the suit was defective in that it failed to set forth the place of record of a certain extension agreement which concerned the mortgage in question.

As to the first separate defense the plaintiff's position is that the conduct of the defendant in seeking the aid of the Court of Chancery to reduce the deficiency was such as to be a bar to the denial of her liability for deficiency. Several reasons are urged in support of plaintiff's position in that respect, among others, the ground of equitable estoppel. Since we think, for reasons presently to be stated, that the conduct of the defendant has been such as to work an estoppel, it is unnecessary to consider the other reasons.

That the conduct of the defendant has been such as to work an estoppel seems clear. The fact that some of the tenants were not made parties was known to her before she took steps in the Court of Chancery to have the value of the property

determined and credited. With this knowledge, in her petition and affidavit in that court she said, "the said sum of $100 bid by the complainant is unconscionably low and if the said sale should be confirmed, your petitioner would be subject to be sued by the complainant for deficiency arising by reason of said sale, and that such a suit on the part of the complainant for the full amount of the deficiency would be contrary to equity and good conscience." Acting upon these representations the Court of Chancery granted her relief, and then because the relief did not go to the extent that she desired, namely, a finding that the value of the property exceeded the decree, she now attempts to say that she is not liable for deficiency. This is in effect a denial of the position she took in Chancery to invoke that court's jurisdiction. When objecting to the confirmation of the sale the defendant made no reference to the failure of the plaintiff to join alleged tenants as parties to the foreclosure in order to cut their rights. Nothing in her depositions on objections to confirmation of sale suggests that the value of the premises was reduced by reason of any existing tenancies. It is therefore assumed that the fair market value of the mortgaged premises was determined by the Court of Chancery without cognizance of the tenancies in the property. Such was likewise the case in *Stratford Building and Loan Association* v. *Wagner,* 122 *N. J. Eq.* 452, where it was held that the value fixed by the court and credited on the bond was the whole fair market value of the premises and not the market value reduced by existing tenancies; and where it was further held that a mortgage debtor who has obtained from the court credit for full value of the mortgaged property, will not be permitted to assert in defense of deficiency action on his bond, that the mortgagee failed to join tenants of the mortgaged property in the foreclosure suit. The defendant apparently believed that the value of the mortgaged premises was "greatly in excess" of the amount of plaintiff's decree. She so alleged in her petition. She hoped to escape liability for any deficiency by having that value offset the full amount of plaintiff's decree. From her point of view it was to her advantage that

the Court of Chancery, in fixing the fair value, be apprised of nothing that would tend to lessen the value. Had it then been pointed out to the court that certain alleged tenants had not been made parties to the foreclosure proceedings and that their tenancies had not been foreclosed, the value of the premises would have been lessened, a circumstance of which certainly the court should have been apprised when asked by the mortgagor to determine the fair market value. (The case of *Harvester Building and Loan Association* v. *Elbaum,* 119 *Id.* 437, is not in point because clearly distinguishable on the facts from the present case.)

It is here that the doctrine of equitable estoppel comes into operation. The defendant represented to the Court of Chancery that unless the relief prayed for was granted she would be subjected to a substantial deficiency judgment. Having received the relief asked for she has changed her position and now comes into the Supreme Court and insists that under the ruling in *American-Italian Building and Loan Association* v. *Liotta,* 117 *N. J. L.* 467, no deficiency judgment in any amount can be recovered against her, and seeks to avoid the resulting deficiency by her first and second separate defenses, the basis of which had not been brought to the attention of the Court of Chancery.

Defendant argues that the intervention of the Court of Chancery has worked no injustice to the plaintiff and contends that in the absence of such prejudice the defendant should be permitted to change her position at this time. Such an argument overlooks the nature of the relief granted by equity. Without the intervention of Chancery plaintiff would have been entitled to sue at law for a deficiency in an amount equal to its foreclosure decree less the sum bid at the sale. The action of the Chancery Court limited the extent of plaintiff's claim for deficiency to the amount of the final decree less the credit of the value of the mortgaged premises. Plaintiff has thereby been deprived of a substantial right and is now entitled to the protection of the court and the application of the doctrine of estoppel.

Now the general rule is that a party who has, with knowledge of the facts, assumed a particular position in judicial proceedings, and has succeeded in maintaining that position, is estopped to assume a position inconsistent therewith to the prejudice of the adverse party. 21 *C. J.* 1223. That rule finds support in *In re Allison,* 106 *N. J. Eq.* 55, and also in *Stratford Building and Loan Association* v. *Wagner,* 122 *Id.* 452, where in the latter case the Court of Chancery restrained a mortgagor from setting up a similar defense in an action at law on a bond after similar proceedings in Chancery.

Of course equitable estoppel is available as a defense at law as well as in equity. *Sun Dredging Co.* v. *Ottens,* 84 *N. J. L.* 740; *Wysakowska* v. *Polish-American Building and Loan Association,* 95 *Id.* 352; *affirmed,* 96 *Id.* 447.

Hence we hold that where, as here, a mortgage debtor who has obtained from the Court of Chancery credit on the decree for the fair market value of the mortgaged property, will not be permitted to assert in the Supreme Court in defense of a deficiency action on the bond, that the mortgagee failed to join some of the tenants of the mortgaged property in the foreclosure suit, when it appears that complainant, with full knowledge of the facts, in her objection to the confirmation of the sale and in her application for a credit on the decree of the full value of the mortgaged property, made no reference to the failure of the mortgagee to join tenants as parties to the foreclosure.

It follows that the defense in question was properly stricken out as frivolous.

What we have said respecting the first separate defense in effect disposes of the second separate defense which, as we have pointed out, was that certain tenancies entered into by the rent receiver had not been cut out by the sale. Moreover, there is an affidavit to the effect that the rent receiver entered into no new agreements of letting but merely continued the tenancies in effect when he went into possession, and since that affidavit was uncontradicted, it is quite evident that this defense was properly stricken out as sham.

We think the court rightly struck out the third separate defense of defendant's answer as frivolous. The notice of intention to commence suit fully complied with the requirements of section 51 of the statute concerning proceedings on bonds and mortgages given for the same indebtedness (*Comp. Stat., p.* 3423) and hence was legally sufficient.

We think that the court did not err in striking out paragraphs 9 and 11 of defendant's demand for a bill of particulars in the Supreme Court. Paragraph 9 demands the names of all the tenants of the mortgaged premises at the time of the sheriff's sale, and paragraph 11 demands similar information as of the time of the commencement of the foreclosure suit. We think the court was justified in the circumstances in refusing such request because, as we have pointed out, such information was immaterial.

The judgment below will be affirmed, with costs.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, TRENCHARD, PARKER, CASE, BODINE, DONGES, HEHER, PERSKIE, PORTER, HETFIELD, DEAR, WELLS, WOLFSKEIL, RAFFERTY, WALKER, JJ. 16.

*For reversal*—None.