FOSTER V. BROWN, PETITIONER-DEFENDANT, v. ALLIED PLUMBING AND HEATING CO., RESPONDENT, AND AUGUST ARACE AND SONS CO. (IMPLEADED BY ALLIED PLUMBING AND HEATING CO., ON ITS APPEAL TO PLEAS), PROSECUTOR.

FOSTER V. BROWN, PETITIONER-PROSECUTOR, v. ALLIED PLUMBING AND HEATING CO., RESPONDENT-DEFENDANT.

Argued October 7, 1942—Decided February 3, 1943.

Before BROGAN, CHIEF JUSTICE, and Justices PARKER and PORTER.

For the petitioner-defendant and prosecutor Brown, *Nicholas A. Tomasulo* and *David Roskein* (*Harry Cohn,* of counsel).

For the respondent-defendant Allied Plumbing and Heating Co., *Cox & Walburg* (*Arthur F. Mead,* of counsel).

For the prosecutor August Arace and Sons Co., *Henry M. Grosman* (*Isidor Kalisch,* of counsel).

The opinion of the court was delivered by

PORTER, J. This is a compensation case. Brown claims to have been injured on August 31st, 1939, while employed by Allied Plumbing and Heating Co. (hereinafter called Allied) and again on March 12th, 1941, while employed by August Arace and Sons, Inc. (hereinafter called Arace). He filed separate petitions for compensation with the Workmen's

Compensation Bureau against both employers. The Bureau heard both petitions together by stipulation of counsel for all the parties. It held that the first accident was compensable but not the second concluding that the occurrence of March 1st, 1941, was a recurrence of the injuries suffered on August 31st, 1939. Compensation was therefore awarded against Allied and the claim against Arace was dismissed. An appeal was taken to the Union County Court of Common Pleas by Allied. Judge McGrath who heard the matter reviewed the testimony and found the facts to be that there were two compensable accidents and that the Bureau erred in finding against Allied alone and in dismissing the petition as against Arace.

The finding of facts by the court as shown by its order remitting the cause to the Bureau was as follows:

"Petitioner, while working for August Arace and Sons, Inc., in March, 1941, hurt his back while threading pipe. The work required him to pull the handle of a pipe-threading tool. At the time he was making $80 to $90 a week, sometimes $120, part of which was overtime. His actual rate does not appear. He says he notified his employer of the accident and I am satisfied that he did. The deputy commissioner gave him an award, but instead of giving judgment against August Arace and Sons, Inc., his employer at the time the accident happened, he gave judgment against a former employer, the Allied Plumbing and Heating Co., and at the rate of his former wages.

"It appears that in August, 1939, petitioner had hurt himself while in the employ of the first employer, the Allied Plumbing and Heating Co., and the deputy commissioner thought that the injury to his back while employed by Arace and Sons was a recurrence of the old injury which petitioner had received previously while working for the Allied Plumbing and Heating Co. This petition against August Arace and Sons, Inc., was dismissed. This was erroneous.

"A reading of the testimony shows that as a matter of medical diagnosis the second injury was not a recurrence of the first. Dr. Edgar, who first saw the man in September, 1939, and again in March, 1941, says that the second major joint injury

was definitely the right sacroiliac, whereas the first time it was definitely the lumbar-sacral, and a consideration of all the medical testimony convinces me that Dr. Edgar's opinion is correct. The lumbar region is a small portion of the back bone about seven inches above the sacrum. The sacrum is a bone lying at the bottom of the spine formed by vertebrae.

"Of course the first injury made the man's back weaker than it was before, but it does not follow that this makes the first employer responsible for subsequent accidents. The first employer is liable only for direct consequences of an accident, and the inquiry should be whether the subsequent injury is reasonably attributable to a proximate cause set in motion by the accident or by some other agency. The claim of causation must not be broken by some new intervening agency (*McDonough* v. *Sears, Roebuck & Co.*, 127 *N. J. L.* 158). This is the English rule, cited in *McDonough* v. *Sears, Roebuck & Co., supra* (at *p.* 161), and it is the proper interpretation of our Compensation Act.

"An 'accident' under the act is something arising out of employment, the risk of which might have been contemplated by a reasonable person, when entering the employment, as an incidental to employment when it belongs to or is connected with what a workman has to do in fulfilling his contract of service. *Bryant* v. *Fissell*, 84 *N. J. L.* 72.

"The risk of injuring petitioner's back while threading pipe for Arace and Sons was not something reasonably to be contemplated as incident to his employment with his former employer, the Allied Plumbing Company, when entering employment with the Allied Company. Nor was it connected with anything petitioner was doing to fulfill his contract of service with the former employer. He was not threading the pipe for the Allied Company but for Arace and Sons, his employer at the time the occurrence happened.

"It is true that he had a weak back when he came to work for Arace and Sons, his second employer, but increase of disability is one of the things which the act was intended to compensate, and this was the risk the Arace Company took when it hired him. In the present case the proper inquiry is: Does the occurrence meet the test of an accident

as against the employer from whom compensation for the occurrence is sought? Did it arise out of and in the course of the employment? To hold the first employer liable in this case would be illogical and unjust since he has no control over the risks or the conditions of the employment with the second employer, and the occurrence is one with which he had no connection.

"I find that the Bureau erred in giving judgment against the wrong respondent.

"It is, therefore, on this 1st day of July, 1942, ordered, that the cause be referred to the Bureau for proper disposition under the statute.

"A motion was made to dismiss the appeal as to August Arace and Sons, Inc. This is denied and exception noted. The order of the Bureau dismissing the petition as against August Arace and Sons, Inc., was erroneous, and is reversed."

A careful consideration of the testimony leads us to the same conclusions and we find the facts to be as above stated by the trial court.

This determination is before us for review by two writs of *certiorari*. One allowed on July 21st, 1942, on the application of Arace and the other allowed on July 23d, 1942, on the application of Brown.

A motion was made in this court by Brown for leave to add Arace as a party defendant in his proceedings against Allied (No. 211) and that the two *certiorari* proceedings be argued jointly.

These compensation claims were heard together below and no good reason appears to us why the rights of all the parties should not be considered together with both writs.

It appears, as stated, that when the causes came on for hearing before the Bureau it was stipulated by counsel for all parties that the matters should be tried jointly to determine whether or not the occurrence of March 1st, 1941, was a new accident or a recurrence of the disability suffered in the accident of August 31st, 1939, and the liability of the respective employers for temporary and permanent disability arising therefrom. That was the main dispute and on that issue of fact the attorneys were all agreed throughout that

the two cases be treated as one. It was on that theory that Allied addressed its notice of appeal to the Common Pleas Court, to the attorneys of Brown and also to the attorneys of Arace. This notice was filed on April 24th, 1942, and the date for argument was set for June 22d, 1942. The attorneys for Arace wrote three letters to the attorneys for Allied requesting a copy of their brief so that an answering one might be prepared. After that course of conduct and on June 18th, 1942, but four days before the date set for the argument, the attorneys for Arace changed their position by indicating for the first time that they contended that the cases should be treated as separate proceedings and that as Brown had failed to file a notice of appeal as to it that it was not properly before the Pleas and gave notice of a motion that the appeal be dismissed in so far as it related to it. This motion was argued before the Pleas and was denied. This controversy turns on the legality of that ruling. Under the related circumstances we conclude that Arace is estopped from taking a position inconsistent to that it had assumed in the judicial proceeding before the Bureau to the prejudice of the injured employee who was clearly misled thereby and who acted in reliance thereof.

The general rule is that a party who, with knowledge of the facts, has assumed a particular position in judicial proceedings, and has succeeded in maintaining that position, is estopped to assume a position inconsistent therewith to the prejudice of the adverse party. 21 *C. J.* 1223; *Fidelity Union Trust Co.* v. *Chausmer*, 120 *N. J. L.* 208; 198 *Atl. Rep.* 828; *Toner* v. *International Association of Bridge, Structural and Ornamental Ironworkers*, 128 *N. J. L.* 511; 26 *Atl. Rep.* (*2d*) 699.

Concluding that Arace was estopped from asserting that the Pleas was without jurisdiction because no notice of appeal from the finding of the Bureau in dismissing the petition, it follows that the writ should be dismissed, with costs.

The judgment of the Pleas will be affirmed, and the cause remanded to the Bureau in accordance with the findings of fact.