In the Matter of the Claim for Compensation under the Workmen's Compensation Law Made by the COMMISSIONER OF TAXATION & FINANCE OF THE STATE OF NEW YORK on Account of the Death of YVONNE H. PROCTOR, against WILLARD PARKER HOSPITAL, CITY OF NEW YORK, Respondent, and GENESEE HOSPITAL and LIBERTY MUTUAL INSURANCE COMPANY, Appellants. STATE INDUSTRIAL BOARD, Respondent.— This is an appeal by the Genesee Hospital and its insurance carrier from an award of the State Industrial Board for death benefits. The only questions presented are whether the relationship of employer and employee existed between the Genesee Hospital and the decedent, causal relation, and whether the claim was properly filed against the hospital. The decedent's occupation was that of a student nurse and she was receiving her instruction at the Genesee Hospital and the Willard Parker Hospital. The Genesee Hospital had a contract with the Willard Parker Hospital to send student nurses to its institution for a special course of training. The decedent had been a student two years at the Genesee Hospital and was assigned by that hospital to the Willard Parker Hospital for three months. While engaged in the Willard Parker Hospital, under the contract between the two institutions, she became disabled as a result of scarlet fever which caused her death. There is evidence to sustain the finding of the Board that her death was the natural and unavoidable result of the scarlet fever contracted by her while in the performance of her duties. The evidence also sustains the finding of the Board that decedent was employed by the Genesee Hospital as general employer and the Willard Parker Hospital as special employer. The evidence also sustains the finding of the Board that the Genesee Hospital had actual knowledge of the disablement of its employee within the statutory period and was not prejudiced by the failure to receive written notice of such disablement. Award unanimously affirmed, with costs to the State Industrial Board. Present — Hill, P. J., Rhodes, Crapser, Bliss and Heffernan, JJ.

In the Matter of the Claim of NORA CHASE ROBINSON, Appellant, against SOBOL BROS., INC., Respondent. STATE INDUSTRIAL BOARD, Respondent.— Appellant appeals from a decision denying widow's death benefits. The evidence sustains the finding of the Board that employee's death did not arise from the employment. Decision unanimously affirmed. Present — Hill, P. J., Rhodes, Crapser, Bliss and Heffernan, JJ.

In the Matter of the Claim of THOMAS SACHKOWSKY, Respondent, against WILLIAM GOMBERT, Appellant. STATE INDUSTRIAL BOARD, Respondent.— Appeal by non-insured employer from a disability award. Appellant asserts that claimant was a partner with others; that such partnership was an independent contractor doing the work in question, and that he was, therefore, not an employee. The Board has found that claimant was not a partner or subcontractor and that the alleged contract of partnership was made and entered into for the sole purpose of avoiding the provisions of the Workmen's Compensation Law and the necessity of carrying compensation insurance. Award unanimously affirmed, with costs to the State Industrial Board. Present — Hill, P. J., Rhodes, Crapser, Bliss and Heffernan, JJ.