In the Matter of the Claim of MARJORIE B. DENNISON, Respondent, against PECKHAM ROAD CORP., et al., Respondents, and WM. E. BOULEY & Co., et al., Appellants.

Argued April 16, 1946; decided July 23, 1946.

*Charles D. Mercer* for appellants. The Appellate Division erred as a matter of law in reversing findings of fact by the Industrial Board based on substantial evidence in the record. (Workmen's Compensation Law, § 20; *Matter of McGrinder* v. *Sullivan,* 290 N. Y. 11; *Matter of Volinsky* v. *Reliable Waste & Rag Co.,* 291 N. Y. 224; *Matter of Dubinsky* v. *Kofsky,* 266 N. Y. 631; *Matter of Daus* v. *Gunderman & Sons, Inc.,* 283 N. Y. 459.)

*Morgan F. Bisselle* and *Warren C. Tucker* for respondents. I. Appellants are precluded from urging in the Court of Appeals that the Appellate Division erred " in reversing findings of fact by the Industrial Board ". (*Caponigri* v. *Altieri,* 165 N. Y. 255; *Lindlots Realty Corp.* v. *County of Suffolk,* 278 N. Y. 45; *Snider* v. *Snider,* 160 N. Y. 151; *Matter of Lefkowitz* v. *Cohen,* 286 N. Y. 499; *Martin* v. *Home Bank,* 160 N. Y. 190.) II. The whole award is properly charged to Bouley, because at the time of the accident, decedent was either in the employ of Bouley only or its special employee under such circumstances that the legal result is the same as sole employment. (*Matter of Martin* v. *Plaut,* 293 N. Y. 617; *Matter of Dale* v. *Saunders Bros.,* 218 N. Y. 59; *Matter of De Noyer* v. *Cavanaugh,* 221 N. Y. 273; *Matter of Schweitzer* v. *Thompson & Norris Co.,* 229 N. Y.

97; *Charles* v. *Barrett*, 233 N. Y. 127; *Bartolomeo* v. *Bennett Contracting Co.*, 245 N. Y. 66.)

LEWIS, J. This claim, filed by the respondent, the widow of William Dennison, for death benefits under the Workmen's Compensation Law, involves an application to that statute of legal principles governing *ad hoc* employment.

The decedent, for more than five years prior to his death, was in the employ of the respondent Peckham Road Corporation. On the date of the fatality Peckham Road Corporation and the appellant, William E. Bouley & Co. — to which reference will be made respectively as Peckham and Bouley — were engaged in performing independent contracts for grading and for the erection of buildings on a government project at the Seneca Ordnance Depot, Romulus, New York. To accomplish the excavation of a cellar for a building which it was required to erect Bouley arranged to rent from Peckham a truck shovel of which Peckham had placed its employee Roitoro in charge with authority to direct the work of the decedent who was employed by Peckham as an oiler. The arrangement included an agreement by Bouley to carry Roitoro and the decedent on its payroll. It was also understood that when the work had progressed to a point where Bouley did not want the excavating to proceed further its superintendent would notify Peckham of that fact at which time the shovel and its operators, including the decedent, would return to the Peckham job. There is no evidence that either Roitoro or the decedent received notice of their discharge by Peckham prior to the commencement of the work to be done for Bouley. Nor is there evidence that any representative of Bouley gave directions to the decedent as to how he was to perform his duties as an oiler. In accord with arrangements thus made between Peckham and Bouley and on the night before the accident the shovel was moved by Roitoro and the decedent to the site of the work to be performed for Bouley. On the morning of the following day, November 5, 1942, after one of Bouley's employees had set the grade for the excavation and had pointed out the place where the work was to be done, Roitoro, assisted by the decedent, put the shovel into action. Excavation had been in progress only four hours when the decedent was fatally crushed by the shovel. In the " EMPLOYER'S FIRST REPORT OF INJURY " submitted to the

Department of Labor *by Peckham* the statement is made that Peckham was the employer of the decedent at the time of the accident. That report is signed for Peckham by its timekeeper, — no claim being made that he lacked the authority to sign and submit the report in behalf of Peckham. Indeed, the record shows that at one of the hearings held before the Industrial Board counsel for the respondents admitted that at the time of the accident Peckham was the general employer of the decedent.

Upon these facts educed at hearings before the Industrial Board a referee determined that the death of the decedent resulted from an industrial accident which occurred when he was in the employ of Peckham as general employer and of Bouley as a special employer. The referee made an award in behalf of the decedent's widow and minor children for death benefits, the direction being that one half the award should be paid by each employer. Thereupon the insurance carriers of both employers applied to the Industrial Board (now Workmen's Compensation Board) for a review of the referee's finding on the issue of liability. Each carrier claimed that the employer, other than its assured, was solely responsible for the payment of death benefits. The contentions of both carriers were rejected by the Industrial Board and the referee's award — made jointly against both employers and both carriers — was sustained. Thereafter the general employer Peckham and the special employer Bouley and their respective carriers appealed to the Appellate Division where again each argued that the entire award should be charged against the other carrier and its assured. At the Appellate Division the award was unanimously reversed as to the general employer Peckham and remitted to the Workmen's Compensation Board — " * * * for the making of an award solely against the William E. Bouley & Co. [special employer], and its carrier * * * ."

We think the proven facts upon which rests the award herein are subject to the rule that — unlike a case involving *ad hoc* employment brought in a court of law — an award may be made in a workmen's compensation case against *both* the general and the special employer. That rule was clearly stated by Judge POUND writing for the court in *Matter of De Noyer* v. *Cavanaugh* (221 N. Y. 273, 275–276): " The fact that a workman has a general and a special employer is not inconsistent with the relation of

employer and employee between both of them and himself. If the men are under the exclusive control of the special employer in the performance of work which is a part of his business, they are, for the time being, his employees. (*Comerford's Case,* 224 Mass. 571, 573.) Thus at one and the same time they are generally the employees of the general employer and specially the employees of the special employer. As they may under the common law of master and servant look to the former for their wages and to the latter for damages for negligent injuries, so under the Workmen's Compensation Law they may, so far as its provisions are applicable, look to the one or to the other *or to both* for compensation for injuries due to occupational hazards (Workmen's Compensation Law [Consol. Laws, chap. 67], § 3, subds. 3, 4), and the industrial commission may make such an award as the facts in the particular case may justify." (Emphasis supplied.)  (See, also, *Matter of Schweitzer* v. *Thompson & Norris Co.,* 229 N. Y. 97, 100–102; *Matter of Dunbar* v. *MacKenzie,* 198 App. Div. 946, affd. 232 N. Y. 556; *Matter of Church* v. *Mittelstaedt,* 255 App. Div. 904, affd. 280 N. Y. 613; *Matter of Lewis* v. *Hotel St. Regis,* 261 App. Div. 856, affd. 287 N. Y. 598; *Matter of Proctor* v. *Willard Parker Hospital,* 256 App. Div. 1018; *Matter of McDonald* v. *City of New York,* 265 App. Div. 1026.)

We find in the record substantial evidence which supports the finding of fact by the Industrial Board that — " At the time the said William W. Dennison sustained the accidental injuries which resulted in his death, he was employed by Peckham Road Corp., as general employer, and Wm. E. Bouley & Co., as special employer, and therefore was an employee of Peckham Road Corp. as well as of Wm. E. Bouley & Co. at the time of his death." The fact that Bouley had agreed to carry the decedent on its payroll while the work of excavation was being done did not serve to withdraw the decedent from the general employ of Peckham; nor is that relationship altered by the fact that the decedent may have been subject temporarily to direction by employees of Bouley as to certain details of work at the site of the excavation. Upon the evidence of record before the Industrial Board it cannot be said as a matter of law that while the decedent was performing his duties as an oiler during the time when the Peckham shovel was operated at the site of the excavation, he no longer represented Peckham's will in the

ultimate result of his particular work and had passed out of the direction and control of Peckham into the control of Bouley. (*Ramsey* v. *New York Central R. R. Co.*, 269 N. Y. 219, 224; *Bartolomeo* v. *Bennett Contracting Co.*, 245 N. Y. 66, 69–70; *Cannon* v. *Fargo*, 222 N. Y. 321, 328, and see *Kristiansen* v. *Wagner's Steel Erectors, Inc.*, 295 N. Y. 668.)

A legislative direction has made conclusive the finding of fact, quoted above, by the Industrial Board. (Workmen's Compensation Law, § 20.) In those circumstances the Appellate Division was without power to reverse the award as to Peckham and its carrier and to direct the remission of the proceeding to the board for the purpose of making an award solely against Bouley and its carrier. (*Matter of Daus* v. *Gunderman & Sons, Inc.*, 283 N. Y. 459, 464–465; *Matter of McGrinder* v. *Sullivan*, 290 N. Y. 11, 12; *Matter of Hoffman* v. *New York Central R. R. Co.*, 290 N. Y. 277, 278–279.)

We cannot agree with the respondents' assertion that the position taken by the appellants upon this appeal is fatally inconsistent with their position before the Industrial Board and at the Appellate Division. At no time in this litigation have appellants argued that there was insufficient evidence to support the finding by the Industrial Board that at the time of the accident the decedent was in the employ of Peckham as general employer. Until this appeal the appellants' position has been that at the time he met his death the decedent was not in the employ of Bouley as special employer and accordingly that the appellants should bear no legal responsibility for the fatality. The fact that upon the present appeal the appellants seek reinstatement of the award made by the Industrial Board — a form of relief which in degree is less than they sought in the Appellate Division — does not deprive them of the relief they now demand.

The order of the Appellate Division should be reversed and the award made by the Industrial Board (now Workmen's Compensation Board) should be confirmed, with costs in this court and in the Appellate Division.

LOUGHRAN, Ch. J., CONWAY, DESMOND, THACHER and DYE, JJ., concur.

Ordered accordingly.