6 N.J. Super. 226 (1950)
70 A.2d 882
LUDIE SCOTT, AS ADMINISTRATRIX AD PROSEQUENDUM OF THE ESTATE OF ROSEBOUGH SCOTT, PLAINTIFF-APPELLANT,
v.
PUBLIC SERVICE INTERSTATE TRANSPORTATION COMPANY, A BODY CORPORATE OF NEW JERSEY, DEFENDANT-RESPONDENT, AND WILLIAM M. CONNORS, DEFENDANT.
Superior Court of New Jersey, Appellate Division.
Argued January 9, 1950.
Decided January 26, 1950.
*227 Before Judges JACOBS, DONGES and BIGELOW.
Mr. Edward J. Madden argued the cause for the appellant (Mr. Louis E. Saunders, attorney).
Mr. Luke A. Kiernan, Jr., argued the cause for the respondent (Mr. Carl T. Freggens, attorney).
The opinion of the court was delivered by JACOBS, S.J.A.D.
This is an appeal by plaintiff Ludie Scott from a judgment directed in favor of the defendant, *228 Public Service Interstate Transportation Company, on the ground that her exclusive remedy was under the Workmen's Compensation Act.
Plaintiff filed her complaint as administratrix ad prosequendum of the estate of her deceased husband, Rosebough Scott, alleging that on April 17, 1944, the decedent was in the Montgomery Street garage maintained and controlled by Public Service Coordinated Transport, hereinafter designated as "Coordinated," and Public Service Interstate Transportation Company, hereinafter designated as "Interstate," and was there injured by an omnibus negligently driven by William M. Connors, agent of Interstate. The complaint further alleged that, as a result of his injuries, the decedent died on August 7, 1944, leaving the plaintiff as his surviving next of kin, and claimed damages from Interstate and Connors. The evidence disclosed that the decedent had been employed by Coordinated and Interstate to do general cleaning work at the Montgomery Street garage, maintained and operated by both companies. The employees at the garage were under the immediate supervision of Mr. Bolton, superintendent of the garage, who was employed by both companies which contributed equally to his salary. The decedent cleaned the garage and buses in accordance with directions from Mr. Bolton and his work for each of the companies was identical in nature. At the end of each day he filled in vouchers designating the type of work done and the number of hours worked for Coordinated or Interstate and at the end of the week he received a single pay check for his entire weekly earnings. This pay check was designated as "Public Service Payroll Check" although the decedent's earnings were actually allocated on the companies' books between Interstate and Coordinated in accordance with his vouchers.
The plaintiff asserts that while the decedent was cleaning a Coordinated bus the defendant Connors, backing an Interstate bus out of the garage, negligently injured him. The evidence was meager and no one testified that he had seen the accident. For present purposes, however, we shall assume that there was sufficient evidence from which the jury could *229 have inferred that the accident occurred as plaintiff alleges. Nevertheless, we are satisfied that at the time of the accident the decedent was in the employ of Interstate, as well as Coordinated, and that plaintiff's exclusive remedy was by claim under the Workmen's Compensation Act.
Numerous decisions have been rendered throughout the country with respect to the effect of dual employment under Workmen's Compensation Acts (see 3 Schneider, Workmen's Compensation Text (1943), §§ 779-785; 51 Harv. L. Rev. 941 (1938)), although we have not been referred to anything controlling within our State. Cf. Curran v. Newark Gear Cutting Machine Co., 37 N.J.L.J. 21, 22 (C.P. 1913); Wood v. Market-Arlington Co., 15 N.J. Misc. 272 (W.C.B. 1937). In State Compensation Insurance Fund v. Industrial Accident Commission, 26 Cal.2d 278, 158 P.2d 195 (Sup. Ct. 1945), the Court, in sustaining an award against both employers under circumstances somewhat comparable to those here presented, pointed out that "where two employers jointly interested in the project exert some measure of control, both are liable for compensation benefits." See also National Automobile & Casualty Insurance Co. v. Industrial Accident Commission, 80 Cal. App.2d 769, 182 P.2d 634 (D.C. App. 1947); Hudson v. Industrial Commission, 387 Ill. 228, 56 N.E.2d 423 (Sup. Ct. 1944); Dennison v. Peckham Road Corporation, 295 N.Y. 457, 68 N.E.2d 440 (Ct. of App. 1946). Where the employee is entitled to compensation benefits from both employers, he is barred from maintaining a common law negligence action against either of them. See Chandler v. Katz Drug Co., 130 F.2d 1007 (C.C.A. 8th 1942); United States Fidelity & Guaranty Co. v. R.H. Macy & Co., 156 F.2d 204 (C.C.A.2d 1946).
We consider that the decedent's work at the Montgomery Street garage was at all times under the direction of Interstate as well as Coordinated. The superintendent, who acted for Interstate and Coordinated, indiscriminately directed his work to be done as required. His main work, that of cleaning the garage, necessarily benefited both companies and the fact that, for bookkeeping purposes, it may have been charged to *230 one company or the other did not alter the employer-employee relationship or the control by both companies. Under acknowledged principles of law this ever present joint control would appear sufficient to establish the master and servant relationship between the decedent and both companies. Cf. Collawn v. 25 North Harrison Street Corporation, 11 N.J. Misc. 44, 47 (Sup. Ct. 1933); Toner v. International, etc., Atlantic City, 113 N.J.L. 29, 30 (E. & A. 1934).
Our conclusion that since the decedent was in their joint employ he was entitled to proceed in the Bureau against both companies is consistent with the underlying purposes of the Workmen's Compensation Act. That Act provides for payment of a percentage of "wages" which is defined to mean the money rate at which the service rendered is recompensed under the contract of hiring. The decedent considered his wages to be his single weekly check paid jointly by his employers. He never knew, nor was he concerned with, the bookkeeping allocation. When injured he was entitled to anticipate compensation on the basis of his aggregate weekly earnings regardless of whether he happened to be working on a Coordinated or Interstate bus when the accident occurred. If the contention now urged by the appellant were accepted, the decedent's compensation might be held to depend on how much had been charged to Coordinated on its books (Cf. Quebec's Case, 247 Mass. 80, 141 N.E. 582 (Sup. Jud. Ct. 1923)); in such event, he would receive far less compensation than the Act contemplated and if there had been several joint employers contributing equally to his salary his compensation would invariably be wholly incommensurate with his real weekly wages. Cf. Bollinger v. Wagaraw Building Supply Co., 18 N.J. Misc. 1 (C.P. 1939); Lukawich v. Phelps Dodge Copper Products Corp., 18 N.J. Misc. 351 (C.P. 1940).
Appellant contends that the lower Court erred in excluding an excerpt from her Workmen's Compensation proceeding which she offered to establish that counsel for Interstate had there contended that the decedent was employed solely by Coordinated and not by Interstate. Although *231 the appellant did not include it within her appendix we have, with the consent of counsel, examined it and have concluded that it does not support her position. In the Workmen's Compensation Bureau counsel apparently admitted that the decedent was an employee of Coordinated, asserted that Interstate had never been served, and sought a dismissal against Interstate. Thereafter the parties stipulated the decedent's wages to be $33.60 per week, which represented his aggregate wages from both companies, and an award was rendered against Coordinated for the full amount payable under the Act including compensation for temporary disability and death. Although it seems to us that, upon proceeding properly, the appellant would have been entitled to have her judgment in the Bureau rendered against Interstate as well as Coordinated she could not, in any event, have received more. We find no error or prejudice to the appellant in the lower Court's exclusion of the excerpt tendered.
The judgment is affirmed.