56 N.J. Super. 516 (1959)
153 A.2d 334
JAMES A. KNIGHT, PETITIONER-RESPONDENT AND CROSS-APPELLANT,
v.
HERBERT P. COHEN, INDIVIDUALLY, RESPONDENT-APPELLANT, AND HERBERT P. COHEN AND MURRAY KLEIN, A PARTNERSHIP, SUED HEREIN AS INDUSTRIAL LUMBER COMPANY, RESPONDENTS-RESPONDENTS AND CROSS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued June 1, 1959.
Decided July 14, 1959.
*518 Before Judges GAULKIN, SULLIVAN and FOLEY.
Mr. Herbert Klosk argued the cause for petitioner as respondent and cross-appellant.
Mr. Raymond L. Cunneen argued the cause for respondent-appellant (Mr. Hugh J. O'Gorman, on the brief).
Mr. Edward B. Meredith argued the cause for respondent-respondent and cross-respondent.
The opinion of the court was delivered by SULLIVAN, J.A.D.
An award in favor of petitioner in a workmen's compensation case engenders the appeals and cross-appeal herein considered.
The petitioner, James A. Knight, had been employed by Industrial Lumber Co. (Industrial) as a truck driver since 1950. His weekly wages from Industrial at the time of his accident were $66, and his regular hours of employment were from 8:00 A.M. to 4:30 P.M. each day, five days a week. Industrial is a partnership consisting of Herbert P. Cohen and Murray Klein as partners. Its business consists of the operation of a lumber yard in Jersey City. Petitioner's "boss" at Industrial was Cohen, one of the partners.
"For three to four years" prior to his accident petitioner had started taking care of the grass at Cohen's house in Maplewood, for which he was paid $25 monthly by Cohen. He also performed other chores about the Cohen household as requested, such as washing and waxing automobiles, *519 handling storm windows, screens, and the like for additional compensation. None of this work was performed during petitioner's regular working hours at the lumber yard. Petitioner also did janitorial evening work for Bloomfield Window Washing Company at Upsala College for wages of $80 per month. On April 20, 1957 while cutting the grass at the Cohen residence with a power mower, petitioner slipped and fell and the mower severely injured his left foot. As a result of this incident he filed a workmen's compensation claim petition against "Herbert P. Cohen and/or Industrial Lumber Company." After hearing, the deputy director determined that the employment of petitioner at the time of the accident "amounted to a joint employment" and that "petitioner was in fact working for Industrial at the same time he was performing functions for the individual." The compensation award was charged one-half to each respondent. In calculating the compensation rate the deputy director combined all of the wages earned by petitioner at the time of the accident and arrived at a weekly wage of $96.25. This resulted in an award for temporary and permanent disability at maximum rates.
On appeal the County Court determined that petitioner's employment by Cohen at his residence was distinct and separable from his employment by Industrial. The court therefore ruled that the award was to be assessed only against Cohen individually and not against Industrial. As to the amount to be awarded, the findings on disability not being contested, the court held that "* * * all the petitioner's regular employment wages must be included when determining the rate of compensation to be applied, which in turn results in the maximum assessment rate here." The effect of this was to affirm the quantum of the award granted in the Division. The only modification made by the County Court was that the award against Industrial, the partnership, was vacated and as to it, the petition was dismissed. Knight v. Cohen, 53 N.J. Super. 122 (Cty. Ct. 1958).
*520 Cohen has appealed from so much of the ruling as assesses the entire compensation award against him. He also charges that it was error for the court to add petitioner's wages from separate employments together in order to arrive at petitioner's rate of compensation. Petitioner appeals and cross-appeals from that part of the ruling which dismisses the claim against Industrial.
Petitioner's claim against both respondents is based on the concept of joint employment. He relies on Cser v. Silverman, 46 N.J. Super. 599 (Cty. Ct. 1957), affirmed per curiam 50 N.J. Super. 125 (App. Div. 1958), to support his position that both of his employers are liable for his compensation claim and that in computing his award, the wages paid him by both employers must be added together.
The legal principle of Cser, supra, is that in a compensation case where there is a finding of joint employment, the award is to be measured by the total wages paid by the joint employers and is to be assessed against both of them. See also Scott v. Public Service Interstate Transp. Co., 6 N.J. Super. 226 (App. Div. 1950). Application of the Cser rule, therefore, depends on whether or not joint employment exists. In Cser the injured employee worked simultaneously for an individual and also a corporation run by the same individual. The County Court, however, found a unity of control and authority in the two employments, with a corresponding intermingling of the employer's duties on both jobs to a point where it was impossible to separate them. The court said at page 601, of 46 N.J. Super.:
"It was Silverman alone who directed Cser when to go and what to do in Perth Amboy where the corporation's building required some maintenance work; it was Silverman alone who directed Cser when to go and what to do in New Brunswick where Silverman's bottling establishment was located. Plainly, the `corporation' was a Silverman family convenience. The respective contributions of $40 and $25 per week bore absolutely no relationship to the service rendered for one or for the other during each recurrent week of employment. The wage contributions to Cser were nothing more than matters of bookkeeping or tax advantage to the two persons who paid the *521 wages. The inescapable fact is that Cser was on duty to both the corporation and to the individual at all times during the week, as Silverman might from time to time direct."
Vide 13 Rutgers L. Rev. 162, 173, 174 (1958).
In the present case however, the factual picture presented is quite different. The types of work were completely dissimilar. At the lumber yard petitioner drove a truck and handled lumber. At the Cohen residence he cut grass and did other gardening and household chores. Petitioner had a separate arrangement with Cohen for compensation for this extra work and was paid separately. It was only performed outside of petitioner's regular working hours. While Mr. Cohen hired petitioner to do this work, it was Mrs. Cohen who frequently instructed and supervised petitioner in the performance of the gardening and other work around the house and grounds. The tools and equipment used, with minor exceptions, belonged either to petitioner or to the Cohens. Certainly it cannot be said that Industrial benefited in any way from the work done at the Cohen residence. Granted that the two automobiles used by Mr. and Mrs. Cohen were registered in the name of the business and that petitioner washed and polished them on occasion, the fact is that these cars were for the personal use of the Cohens. Without a finding of joint employment the Cser rule does not apply, and our independent review of all of the evidence leads us to conclude, as did the County Court, that petitioner's employment by Cohen individually was separate and distinct from his employment by Industrial.
It is suggested, however, that there was such a unity of control and authority in both employments that it is impossible to separate the two. Reference is made to the Supreme Court's opinion in Mazzuchelli v. Silberberg, 29 N.J. 15 (1959). There the court held that for the purposes of the Workmen's Compensation Act, a partnership may not be deemed a jural entity distinct from a partner. That decision, however, dealt with an attempt by a partnership *522 employee who suffered a compensable injury and received a compensation award, to sue one of the partners individually in tort for the same injury. The court held that an employee of the partnership who had a remedy under the Compensation Act for injuries sustained in the course of his employment could not maintain a common law action against one of the partners for his negligence in causing such employee's injury. It is to be noted that Mazzuchelli deals with an injury admittedly sustained during the course of partnership employment and is therefore clearly distinguishable on its facts from the matter before us.
Was there actually an intermingling of control and authority in petitioner's employments? At Industrial his employers were Mr. Cohen and Mr. Klein as partners. Industrial was a business located in Jersey City. It had various employees who were supervised by a foreman. It had an office with the usual secretarial personnel. While petitioner testified that Cohen was his boss at Industrial, it is obvious that Mr. Klein, the other partner, had the right of control and authority over him. So, too, with the foreman of the business.
At the Cohen residence in Maplewood petitioner's employer was Herbert P. Cohen, the individual who owned the home jointly with his wife. It was used exclusively for residential purposes and had no connection with the partnership. At that employment petitioner was subject to the control of Mr. Cohen and also Mrs. Cohen, she being the one who frequently directed his work.
There was no evidence that Mr. Klein, the other partner, or the foreman either knew of or had any say about petitioner's work at the Cohen residence. Correspondingly, there was no suggestion that Mrs. Cohen's authority over petitioner extended to his work at the lumber yard.
The evidence makes out a case of different employments with unrelated duties and separate control and authority, resulting in exoneration of Industrial from any liability.
*523 An added reason for holding that Industrial is not liable for the injury suffered by petitioner in the course of his employment at the Cohen residence is found in the New Jersey Partnership Law. As has been stated, petitioner's work there did not benefit the partnership in any way, nor does it appear that Mr. Klein the other partner authorized this work as a partnership activity. The Partnership Act, N.J.S.A. 42:1-9(2), provides as follows:
"2. An act of a partner which is not apparently for the carrying on of the business of the partnership in the usual way does not bind the partnership unless authorized by the other partners."
Since Cohen's employment of petitioner to do work in and about the Cohen residence was not apparently for the carrying on of the business of the partnership in the usual way, the employment did not bind the partnership and it cannot be held liable for any part of the compensation award.
On the matter of computing petitioner's rate of compensation, the County Court determined that it should include not only the wages paid petitioner by Cohen individually, but also petitioner's "regular employment wages." In reaching this conclusion the court cited Engelbretson v. American Stores, 49 N.J. Super. 19 (App. Div. 1957), affirmed per curiam 26 N.J. 106 (1958), as controlling. That case, however, did not involve the adding together of wages from separate employments. There, the petitioner, who had no other employment, worked part-time in a supermarket four hours per day, for two days a week at an hourly rate of $1.15. The question involved was whether her weekly wage should be calculated on a four-hour day or, as the court determined, a full eight-hour day.
The question of basing a compensation rate on wages from separate employments has not been previously considered in this State. Mahoney v. Nitroform Co., Inc., 20 N.J. 499 (1956), does not pass upon this proposition. The ruling therein is based on a finding by the court that *524 the contract of hiring provided that the compensation of the employees was to be measured at the rate of their respective earnings in their regular employments. Cser v. Silverman, supra, did add together the employee's wages from two employments. However, as has been previously noted, the case turned on joint employment as distinguished from separate employment. Scott v. Public Service Interstate Transp. Co., supra, is to the same effect.
Actually the matter resolves itself into the interpretation of the word "wages" in our act, since the schedule of compensation payments is geared to the weekly wage of the injured employee. The statute, N.J.S.A. 34:15-37, defines "Wages" as follows:
"`Wages,' when used in this chapter, shall be construed to mean the money rate at which the service rendered is recompensed under the contract of hiring in force at the time of the accident. * * *"
2 Larson's Workmen's Compensation Law, § 60.30, argues that workmen's compensation which does not take into account all of the wages earned by an injured employee in separate employments is inadequate. That, however, is a matter of legislative policy.
Other jurisdictions, in considering this question, make a distinction between separate employments that are related as to type of work and those that are not. For example, where a watchman or janitor for several establishments was injured on one of his jobs, the court held that the type of work in the various employments was related and that the award to the employee should be based on his earnings from all of his related employments. Moochler v. A.H. Herrick & Son, 272 N.Y. 545, 4 N.E.2d 729 (Ct. App. 1936). See cases collected in Larson, supra, § 60.30. It is generally held, however, that if the concurrent employment is unrelated as to type, the wages therefrom may not be cumulated. Typical examples are: part-time fireman and electrical contractor, Wilson v. City of Haines City, 97 So.2d *525 208 (Fla. Sup. Ct. 1957); lawyer and claims manager, Rowen v. Manufacturing Advisory Bureau, 286 App. Div. 1050, 144 N.Y.S.2d 772 (App. Div. 1955); janitor and barber, Birch v. Budd, 256 App. Div. 53, 8 N.Y.S.2d 781 (App. Div. 1939). Even if this rule were to find sanction in New Jersey it would not apply to petitioner's situation, since his employment as a truck driver by Industrial Lumber Company is completely unrelated in type of work to the household and gardening chores that he attended to at the Cohen residence. Petitioner's compensation, therefore, is to be based only on the wages paid him by Cohen individually.
It appears that this case was tried on the theory of joint employment so that, except for the proof of the $25 paid monthly for grass cutting, there was no evidence presented as to what hours were worked, what additional wages were actually paid petitioner by Cohen, or the method of computing the same. The claim, therefore, is remanded to the Division for the purpose of taking further testimony on these matters. The compensation award is then to be calculated on the wages found to have been paid petitioner by Cohen.