JAMES A. KNIGHT, PETITIONER-APPELLANT, v. HERBERT P. COHEN, INDIVIDUALLY, RESPONDENT-RESPONDENT, AND HERBERT P. COHEN AND MURRAY KLEIN, A PARTNERSHIP, SUED HEREIN AS INDUSTRIAL LUMBER COMPANY, RESPONDENTS-RESPONDENTS.

Argued May 10, 1960—Decided June 6, 1960.

*Mr. Herbert Klosk* argued the cause for petitioner-appellant.

*Mr. Raymond L. Cunneen* argued the cause for Mr. Herbert P. Cohen, individually, respondent-respondent.

*Mr. Edward B. Meredith* argued the cause for remaining respondents.

PER CURIAM. This is a workmen's compensation case in which we granted certification to review the determinations

of the Appellate Division, 31 *N. J.* 291 (1959). We affirm for the reasons expressed in its opinion which is reported at 56 *N. J. Super.* 516, but believe further comment should be made on the matter of the computation of petitioner's compensation rate.

■■ We agree that only the individual employer is liable for workmen's compensation payments but hold that the rate of payments is governed by the opinion of Judge Francis (now Mr. Justice Francis) in *Engelbretson v. American Stores,* 49 *N. J. Super.* 19 (*App. Div.* 1957), affirmed 26 *N. J.* 106 (1958). The formula therein set forth establishing the basis for computing the daily and weekly wages for an employee hired at an hourly rate is to be applied. The court held that in establishing the basis for computing daily wages for an employee hired at an hourly rate of pay, the reference in *N. J. S. A.* 34:15–37 to the "customary number of working hours constituting an ordinary day in the character of the work involved" pertains to the regular or normal working day followed by an employer in the line or type of work in which a particular employee is engaged rather than to the number of hours in a day the petitioner is required to work (at 49 *N. J. Super., page* 26).

We note that in *Engelbretson* the employee was paid at a rate of $1.15 per hour. Here, petitioner was paid $25 per month for work such as cutting grass and received extra compensation for other work. No hourly rate of pay was testified to. The record is unclear as to the hours worked by petitioner and as to his compensation therefor under the separate categories.

■ In order to apply the *Engelbretson* formula to this case testimony should be adduced establishing the specific character of all the work involved, the hourly rate at which petitioner was actually paid, the customary number of hours in the ordinary work day in that field, and the customary number of days in the work week in that type work. After these determinations are made and after reducing petitioner's total monthly payments to an hourly rate, the daily and

weekly amounts can be computed and the amount of compensation can be determined mathematically. *Cf. Engelbretson,* at *page* 23.

Affirmed, without costs.

*For affirmance*—Chief Justice WEINTRAUB, and Justices BURLING, JACOBS, FRANCIS, PROCTOR, HALL and SCHETTINO—7.

*For reversal*—None.