69 N.J. Super. 246 (1961)
174 A.2d 216
BARBARA ANDERSEN, PETITIONER-RESPONDENT,
v.
WELL-BUILT HOMES OF CENTRAL JERSEY, INC., RESPONDENT-APPELLANT, AND JOSEPH M. RACINA AGENCY, INC., AND JOSEPH M. RACINA, INDIVIDUALLY, RESPONDENTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued May 2, 1961.
Decided May 19, 1961.
*247 Before Judges CONFORD, FREUND and KILKENNY.
Mr. Isidor Kalisch argued the cause for respondent-appellant.
Mr. Fred J. Klein argued the cause for petitioner-respondent (Messrs. Clausen, Klein & Rader, attorneys; Mr. Sanford Rader on the brief).
*248 The opinion of the court was delivered by KILKENNY, J.A.D.
This is a workmen's compensation case. The petitioner was injured on June 6, 1958 in a compensable accident, while working contemporaneously for the three respondents. She performed secretarial duties for each of them in their common business office, without any time allocation of her services. She slipped on a loose piece of plastic lying on the office floor while going to answer the telephone. It is unknown for which respondent the incoming call was intended. Her weekly salary of $60 was paid by her three coemployers as follows: Joseph M. Racina, $30; Joseph M. Racina Agency, Inc., $15; and Well-Built Homes of Central Jersey, Inc., $15.
The Division of Workmen's Compensation found and determined that "petitioner was in the joint employment of the three-named respondents." (Emphasis supplied.) It awarded her 24 5/7 weeks of temporary disability at $36 per week; and thereafter, in the same workmen's compensation proceeding, awarded her for permanent disability 10% of partial total, 55 weeks at $35 per week, besides incidental hospital, medical, legal and other expenses. The Division, in its original judgment of May 29, 1959 providing compensation for temporary disability, and again in its supplemental judgment of January 22, 1960 covering the permanent disability award, assessed an aliquot part of the amounts payable against each respondent in the proportion that each contributed to her combined salary. In substance, Joseph M. Racina, a real estate broker, was directed to pay sums equal to 50% of the awards. Joseph M. Racina Agency, Inc., a corporate entity created by Joseph M. Racina to carry on an insurance business, and Well-Built Homes of Central Jersey, Inc., another of his corporate creations engaged in selling houses, or shells of houses, were each assessed 25% of the amounts payable.
Petitioner appealed to the Middlesex County Court from so much of the Division's judgments as apportioned responsibility among the three respondents to pay the awards. *249 The County Court determined that the petitioner was in the "joint employ" of the three respondents at the time of the accident. It found:
"There was an intermingling of her time devoted to the three employers, and no allocation of duties by each employer. An activity would on occasions involve one, or both, or all three employers' work. No distinction of duties was defined. It therefore is the opinion of this court that the three respondents are jointly and severally liable to the petitioner, and that the Deputy Director improperly apportioned liability."
On this appeal by Well-Built Homes alone it is argued that the County Court erred in holding all three jointly and severally liable, rather than each liable for a proportionate share only, as the Division had provided. Only Well-Built Homes carried workmen's compensation insurance, so that, in practical effect, its carrier may possibly be called upon by petitioner to pay the total award, instead of only 25% thereof. Well-Built Homes does not dispute petitioner's right to workmen's compensation, or the quantum awarded for temporary or permanent disability. It seeks merely to limit its personal obligation to 25% of the sums payable, by avoiding the County Court's conclusion of joint and several liability.
We have made the required independent study of the entire record to determine the facts and to evaluate them by full investigation and analysis of the evidence. Russo v. United States Trucking Corp., 26 N.J. 430, 435 (1958). We concur in the fact finding of the Division and the County Court that the petitioner was in the joint employment of the three respondents at the time she suffered the compensable accident, which caused her temporary and permanent disabilities. We agree with the conclusion of the County Court that the facts gave rise to joint and several liability on the part of the three respondents. Under the circumstances, so far as petitioner's rights are concerned, she may get satisfaction of her judgments against any one or more of respondents.
*250 An employee injured in the course of joint employment may recover workmen's compensation benefits against the joint employers on the basis of joint and several liability. In Cser v. Silverman, 46 N.J. Super. 599 (Cty. Ct. 1957), affirmed 50 N.J. Super. 125 (App. Div. 1958), petitioner was in the joint employment of both respondents, Silverman, an individual, and his corporation, at a salary of $65 per week at the time of the occurrence of the compensable accident. Silverman contributed $40 and the corporation $25 to the weekly salary. It was held that petitioner was entitled to recover against both of such employers, jointly. The court noted that the corporation was a convenience of the individual respondent, and the wage contributions "were nothing more than matters of bookkeeping or tax advantage to the two persons who paid the wages." The employee, Cser, "was on duty call to both the corporation and to the individual at all times during the week, as Silverman might from time to time direct." The facts of Cser v. Silverman are very much akin to those in the instant case.
In Scott v. Public Service Interstate Transp. Co., 6 N.J. Super. 226 (App. Div. 1950), the decedent suffered a fatal accident while doing general cleaning work at a garage maintained and controlled by two bus companies. His work was directed by a common superintendent. He received a single paycheck, but his earnings were allocated on the companies' books between them. He was cleaning the bus of one company when he was negligently injured by the bus of the other company. The effect of dual employment under the Workmen's Compensation Act, R.S. 34:15-1 et seq. was considered by our court. We concluded that the joint control of the employee's work effort made both liable for compensation benefits.
New Amsterdam Casualty Co. v. Popovich, 18 N.J. 218 (1955), while deciding that one employer who pays the full compensation award may recover contribution from the other joint employer, cited the Scott decision with approval. It stated, at page 225:
*251 "The employee is concerned only with a single weekly pay check paid jointly by his employers and he is not concerned with any financial or bookkeeping arrangements as between his employers."
In Knight v. Cohen, 56 N.J. Super. 516 (App. Div. 1959), affirmed 32 N.J. 497 (1960), this court, while distinguishing the factual picture in that case, reaffirmed its holding in Cser v. Silverman, supra, stating, at page 520:
"The legal principle of Cser, supra, is that in a compensation case where there is a finding of joint employment, the award is to be measured by the total wages paid by the joint employers and is to be assessed against both of them." (Emphasis supplied)
We stressed that in Cser, as here, the injured employee worked simultaneously for an individual and also a corporation run by the same individual. We observed in Cser "a unity of control and authority in the two employments with a corresponding intermingling of the employee's duties on both jobs to a point where it was impossible to separate them." Knight v. Cohen, supra, 56 N.J. Super., at page 520. Those words aptly describe the situation in the instant case, in which Joseph M. Racina directed petitioner's duties, in his individual capacity and as president of the respondent corporations.
The nature of petitioner's joint services is well portrayed by the circumstances attending her accident. About 4 P.M. Racina went to back a truck out of the garage, which was attached to the model home, owned by Well-Built Homes. Petitioner was uncertain, but testified that the name on the truck "was either Well-Built or the Racina Agency." Racina asked her to watch "to see if it cleared the overhead doors in the garage." She was outside the office and alongside the garage as the truck was pulling out. She heard a phone ring in the office, proceeded up the front steps into the office to answer the phone, when she slipped on a loose piece of plastic lying on the floor right inside the door. Thus, her accident happened. And it is unknown for which employer the incoming call was intended. Her services were *252 then and there being employed for the joint benefit of her three employers, under the directions of Racina who exercised unified control. She was helping to avoid damage to the garage and the truck, while serving the personal welfare of Racina, who was driving the truck. She apparently hurried to answer a phone call, which may have affected the business interest of any one or more of her employers.
The courts in other jurisdictions have found coemployers jointly liable in situations analogous to the instant case. See State Compensation Insurance Fund v. Industrial Accident Commission, 26 Cal.2d 278, 158 P.2d 195, 197 (Sup. Ct. 1945); Hudson v. Industrial Commission, 387 Ill. 228, 56 N.E.2d 423 (Sup. Ct. 1944); Page Engineering Co. v. Industrial Commission, 322 Ill. 60, 152 N.E. 483 (Sup. Ct. 1926); Dennison v. Peckham Road Corporation, 295 N.Y. 457, 68 N.E.2d 440 (Ct. App. 1946); Sargent v. A.B. Knowlson Co., 224 Mich 686, 195 N.W. 810 (Sup. Ct. 1923); see, also, Annotations, 30 A.L.R. 1000 (1923), and 58 A.L.R. 1395 (1927); 99 C.J.S. Workmen's Compensation § 46, pp. 234-237; 1 Larson, Workmen's Compensation Law, § 48.50, pp. 721-22. The common watchman, who simultaneously watches the respective properties of separate coemployers who share his salary, has been held entitled to an award against them jointly, based on the combined wages. As the court noted in Page Engineering Co., supra, such a watchman is not employed to give a definite part of his time to the service of each employer, but to serve them both. It then stated: "The contract was more than a concurrent contract of service  it was a joint hiring." That language is appropriate to petitioner in this case.
Well-Built Homes refers us to some out-of-state decisions and claims that they support its contention that the liability should be apportioned among the three employers, and that it should not be required to pay petitioner more than its aliquot part. We have read those cases. They do not stand for such a broad doctrine. In most of them, the sole *253 issue before the appellate court was the rights of the coemployers inter sese, and did not concern the injured employee's right of recovery against either or both. Thus, in Schaefer & Co. v. Industrial Commission, 185 Wis. 317, 201 N.W. 396, 397 (Sup. Ct. 1924), an occupational disease case involving a tool sharpener who worked for three employers, after apportioning the obligations of the employers inter sese on the relative number of hours the employee worked for each, the court stated:
"It would seem that any employer of Eicher at the time he became incapacitated by an occupational disease resulting from such occupation would be liable for the whole amount of the award."
In Hunt v. Regent Development Corporation, 3 N.Y.2d 133, 164 N.Y.S.2d 694, 143 N.E.2d 892 (Ct. App. 1957), the court expressly pointed out that the contest was solely between the two employers. As to their rights inter sese, the majority favored an apportionment based on the respective contributions to salary, while the dissenting judges favored an equal division. Compare Mead v. Cole, 8 App. Div.2d 904, 186 N.Y.S.2d 969 (App. Div. 1959) and Berkman v. Billig Mfg. Co., 9 App. Div.2d 810, 192 N.Y.S.2d 852 (App. Div. 1959), where employers were held jointly liable to injured employees. Stevens v. Hull Grummond & Co., 274 N.Y. 227, 8 N.E.2d 498 (Ct. App. 1937), was also limited on appeal as to the apportionment rights of the coemployers inter sese and followed the formula of ratable contribution to salary followed by the majority in the Hunt case.
In Butler v. Industrial Comm. of Arizona, 50 Ariz. 516, 73 P.2d 703 (Sup. Ct. 1937), the claimant was injured while traveling between two unrelated places of employment, owned by separate employers, one of whom paid him a monthly wage and the other an hourly wage. The Arizona court held his accident compensable on the theory that his travel was necessary for the work done for each separate *254 employer. Both employers were deemed liable to pay compensation in proportion to the remuneration received from each. These facts are obviously distinguishable from those in the problem before us.
It would serve no useful purpose to make detailed analysis of the other cases cited by appellant, especially in the light of our own decisions above, in which we have clearly held that joint employment gives rise to joint liability.
Well-Built Homes argues that the Deputy Director's judgment of May 29, 1959 upon the preliminary inquiry as to temporary disability, in which payment of this award was apportioned among the three respondents, made the issue of apportionment res judicata, since the petitioner did not appeal therefrom at that time. We see no merit in this contention. Res judicata applies only in the case of a final judgment. The appellant concedes that. See Robinson-Shore Development Co. v. Gallagher, 41 N.J. Super. 324 (Ch. Div. 1956), op. supp. 43 N.J. Super. 430 (Ch. Div. 1957), reversed on other grounds 26 N.J. 59 (1958). The award of temporary disability benefits during the pendency of this workmen's compensation proceeding was not appealable as of right prior to a final judgment disposing of all issues. Petersen v. Falzarano, 6 N.J. 447 (1951); Adams v. Adams, 53 N.J. Super. 424 (App. Div. 1959). Furthermore, the temporary disability benefits were paid in full, so that petitioner was not aggrieved by the direction to the employers as to how they should contribute to the payment. When the Deputy Director, over petitioner's objection, erroneously applied a rule of apportionment as to the permanent disability award in his final judgment of January 22, 1960 disposing of all issues, then petitioner had a right to appeal that error to the County Court. The hearings on temporary and permanent disability are part of one case which must be considered as a whole on appeal to the County Court. See Barry v. Wallace Wilck, Inc., 61 N.J. Super. 299 (Cty. Ct. 1960). The County Court has a duty upon review of a single case to make independent *255 findings of fact and law. Dunay v. International Smelting & Refining Co., 60 N.J. Super. 546 (Cty. Ct. 1960).
Well-Built Homes also contends that petitioner should be estopped from questioning the apportionment since she received payment of the temporary disability award on that basis. Estoppel requires a showing of reliance causing prejudice. Fidelity Union Trust Co. v. Chausmer, 120 N.J.L. 208, 213 (E. & A. 1938). Well-Built Homes has not been prejudiced by petitioner's failure to challenge that initial ruling by the Deputy Director. To the contrary, it paid only one-fourth of the temporary disability award. Had petitioner then been able to establish the joint liability, Well-Built Homes might have been required to pay the whole award, with relief only by way of contribution from the coemployers. The failure of petitioner's counsel to object to apportionment at the temporary disability hearing may not preclude the right to object at the final hearing. The law is zealous in its protection of rights granted by the Workmen's Compensation Act. See Hawthorne v. Van Keuren & Son, 127 N.J.L. 501 (Sup. Ct. 1941). Nor in the case of joint and several liability is it inequitable to seek collection in the easier way from a solvent or insured joint obligor, thus burdening the one who pays with the task of attempting to collect from the other joint obligors.
We are not required on this appeal to fix the rights of the coemployers inter sese, or the jurisdiction of the Division to do so. Accordingly, we express no opinion thereon.
The judgment of the Middlesex County Court is affirmed.