730 A.2d 919 (1999)
Wilmer HALL, Plaintiff-Appellant,
v.
Rocco FANTICONE, D & P Leasing, Inc., and Redi-Space, Defendants-Respondents, and
Chemical Transport, Inc., Defendant.
Superior Court of New Jersey, Appellate Division.
Argued June 8, 1999.
Decided June 24, 1999.
*920 Gerald F. Della Sala, for plaintiff-appellant (Leonard & Leonard, attorneys; Mr. Della Sala, on the brief).
Sandra Belli, Warren, for defendants-respondents Rocco Fanticone and D & P Leasing (Bivona, Cohen, Kunzman, Coley, Yospin, Bernstein & DiFrancesco, attorneys; Ms. Belli, on the brief).
Mark A. Clemente, Roseland, for defendant-respondent Redi-Space (Clemente & Gesicki, attorneys; Mr. Clemente, on the brief).
No other parties participated in this appeal.
Before Judges MUIR, Jr., EICHEN, and COBURN.
The opinion of the court was delivered by EICHEN, J.A.D.
The primary issue raised by this appeal is whether plaintiff's tort action against defendant D & P Leasing, Inc. (D & P) is precluded on the ground that his exclusive remedy against D & P was under the Workers' Compensation Act. See N.J.S.A. 34:15-8. We conclude plaintiff was jointly employed by D & P and Chemical Transport, Inc. (CTI) and, therefore, the tort action against D & P is barred. Accordingly, we affirm the judgment notwithstanding the verdict entered in favor of D & P. We also reject plaintiff's additional claims of error which we deal with later in this opinion.
Plaintiff Wilmer Hall filed his complaint alleging that, on January 10, 1994, during the course of his employment, he was seriously injured when he slipped and fell on a metal step as he exited from an elevated office trailer situated at 184 Doremus Avenue in Newark (the premises). The premises were leased by CTI from defendant Rocco Fanticone. The office trailer was leased by CTI from defendant Redi-Space. Plaintiff claimed he worked for CTI as a tractor trailer driver hauling chemicals and hazardous materials. He testified he believed he was employed solely by CTI because his "tractor" bore the name of CTI.[1] The record is unclear as to whether CTI or D & P owned the trailer portion of the tractor trailer, but the truck portion was registered to D & P at 184 Doremus Avenue in Newark and leased to CTI.
Plaintiff sued Fanticone, the owner of the premises; Redi-Space, the owner and lessor of the office trailer; and D & P, the registered owner of the tractors leased to CTI, naming CTI as a defendant for discovery purposes. After the accident, plaintiff recovered workers' compensation benefits from CTI for the injuries he sustained in the fall. In April 1994, CTI filed a voluntary petition in bankruptcy.
D & P and CTI are related corporations. Donald J. Martorana[2] was in charge of CTI's operations and was the "overseer and general manager of D & P." Martorana's wife is the sole stockholder in D & P. Martorana's relationship to CTI is evidenced by his having signed the CTI bankruptcy petition as "president" and plaintiff's accident report for CTI as "operations manager." Although plaintiff's salary was paid by CTI and D & P in 1991, in 1993 and 1994, and more specifically at the time of the accident, plaintiff's salary was paid exclusively by D & P.[3] Plaintiff testified at trial that Martorana was the only one who could fire him. He also indicated that Martorana controlled, regulated and issued his daily work assignments.
*921 Prior to trial, summary judgment was granted in favor of Fanticone, the owner of the premises, dismissing him from the case. D & P's motion for summary judgment was denied due to purported factual issues concerning whether plaintiff's common law negligence action should be barred because D & P was plaintiff's employer. D & P renewed its motion both before trial and at the close of plaintiff's case but was not successful in obtaining a dismissal of the complaint. Reconsideration motions were also rejected.
A jury returned a no cause of action verdict in favor of Redi-Space, the lessor of the office trailer, but found D & P 100% liable due to its negligence. Following the trial, D & P moved for a judgment notwithstanding the verdict, again arguing the Workers' Compensation Act barred plaintiff from recovering against it. Despite the fact that the trial court had twice denied D & P's motion, after reconsidering the matter, the court granted the motion. It determined that the evidence presented at trial demonstrated that D & P was plaintiff's "primary" employer, and as such, plaintiff was barred from bringing a personal injury action against D & P.
On appeal, plaintiff contends that (1) the trial court erred in concluding that D & P was plaintiff's employer; (2) the trial court erred in dismissing his complaint against Fanticone, the lessor of the premises, because Fanticone owed him a duty to provide a safe workplace; (3) that the trial court abused its discretion in preventing plaintiff's liability expert from testifying concerning a certain safety brochure purportedly representing the custom of the trailer leasing industry in his case against Redi-Space; and (4) that the judgment notwithstanding the verdict was procedurally invalid.
We reject plaintiff's arguments in Points (2), (3) and (4) as clearly without merit. R. 2:11-3(e)(1)(E).
As for the issue of plaintiff's employment status and the applicability of the workers' compensation bar, we conclude the trial court's grant of a judgment notwithstanding the verdict was proper. Plaintiff does not dispute that he received his paychecks from D & P; that D & P owned the trucks leased to CTI which plaintiff operated; or that Martorana, who was the "overseer and general manager" of D & P, controlled his day-to-day work assignments. Nonetheless, plaintiff claims he was employed exclusively by CTI, arguing that the work he performed was solely to advance CTI's business purposes and not D & P's.
This is a classic "joint employment" case brought about by a "joint business arrangement." 1C Arthur Larson, The Law of Workmen's Compensation § 48.43 (1990).[4] A "joint employment occurs when a single employee, under contract with two employers, and under the simultaneous control of both, simultaneously performs services for both employers, and when the service for each employer is the same as, or is closely related to, that for the other." Id. § 48.41, at 8-511. As Professor Larson points out, a "joint employment" can arise "simply because of the joint character of the business arrangement between the two employers." Id. at § 48.43 at 8-522. In the leased equipment context, he explains what is meant by "joint character":
[I]n the familiar situation of the leased truck and driver, or other leased heavy equipment and operator, the lessor may be accomplishing his business purpose of furnishing equipment and labor at a profit, while the lessee is at the same moment accomplishing his business purpose of transporting goods, digging ditches, or building roads, and the lessor may retain enough control to safeguard his interest in the valuable equipment, while the lessee may assume enough control to get his work done efficiently.

[Id. § 48.42, at 8-511.]
*922 In Kalnas v. Layne of New York Co., 173 N.J.Super. 492, 414 A.2d 607 (App.Div.1980), cited by Professor Larson, Judge Pressler set out a number of factors to consider in determining whether a "joint venture employment" situation exists so as to prevent recovery in a common law tort action. Id. at 496-97, 414 A.2d 607. These factors comprise: "the employer's supervisory power, his right to control the activities of the employee, his right to terminate the relationship, his payment to the employee of regular wages for services, and his provision of tools, equipment and facilities." Id. at 497, 414 A.2d 607 (citing Marcus v. Eastern Agric. Ass'n, Inc., 32 N.J. 460, 161 A.2d 247 (1960), rev'g on dissent, 58 N.J.Super. 584, 596, 157 A.2d 3 (App.Div.1959) (Conford, J.A.D., dissenting)).
As Justice Jacobs, then sitting in this court, observed: "`where two employers jointly interested in [a] project exert some measure of control, both are liable for compensation benefits.'" Scott v. Public Serv. Interstate Transp. Co., 6 N.J.Super. 226, 229, 70 A.2d 882 (App.Div.1950) (quoting State Compensation Ins. Fund v. Industrial Accident Comm'n, 26 Cal.2d 278, 158 P.2d 195 (1945)). In such event, "[the employee] is barred from maintaining a common law negligence action against either of them." Ibid.; see also Cser v. Silverman, 46 N.J.Super. 599, 601-02, 135 A.2d 52 (Cty.Ct.1957), (recognizing that where corporations or employers are closely related, joint employment may be found), aff'd, 50 N.J.Super. 125, 141 A.2d 61 (App.Div.1958); Knight v. Cohen, 56 N.J.Super. 516, 520, 153 A.2d 334 (App. Div.1959) (recognizing same principle where "unity of control and authority" of employer is established), aff'd, 32 N.J. 497, 161 A.2d 473 (1960).
This case typifies a "joint venture." Consequently, it constitutes "joint employment," barring plaintiff's tort action under the Workers' Compensation Act. Although CTI and D & P were separate corporations, each of which pursuing its own business purpose, their shared business premises, equipment, and chief operating officer, enabled each to exercise sufficient control over the other's sphere of interest.
The unity of control and authority by Martorana is clearly established in the record. He controlled CTI and D & P. See Knight v. Cohen, supra, 56 N.J.Super. at 520, 153 A.2d 334. As plaintiff himself admitted, it was Martorana who had the power to fire him and to assign his duties even if he was driving for CTI. Indeed, Martorana was the general manager of D & P, the corporation that paid plaintiff's salary. In such capacity, Martorana, on behalf of D & P, retained enough control over plaintiff to safeguard its interest in its tractors, while at the same time Martorana, on behalf of CTI, had sufficient control of CTI to assure accomplishment of its purpose.
We are satisfied based on the facts presented that reasonable minds could not differ on the issue of plaintiff's status as a joint employee of CTI and D & P. See R. 4:40-2; Dolson v. Anastasia, 55 N.J. 2, 5-6, 258 A.2d 706 (1969). Accordingly, the Workers' Compensation Act barred this common law negligence action against D & P, and the trial court properly entered a judgment as a matter of law.
Affirmed.
NOTES
[1] There was conflicting testimony as to whether D & P's status as lessor of the trucks to CTI was also displayed on the vehicles.
[2] Martorana was not called by either party as a witness at the trial. However, plaintiff read portions of his deposition testimony during his case-in-chief. References hereinafter to the testimony of Martorana refer to his testimony during depositions.
[3] The record is silent as to which corporation paid plaintiff's salary in 1992.
[4] Contrary to plaintiff's argument, this is not a special or dual employment case. See generally Volb v. G.E. Capital Corp., 139 N.J. 110, 651 A.2d 1002 (1995).