631 A.2d 557

FRANK·DELLA ROSA, PETITIONER–APPELLEE, v. VAN–RAD CONTRACTING CO., INC., RESPONDENT–APPELLANT.

Superior Court of New Jersey
Appellate Division

Argued September 14, 1993—Decided September 24, 1993.

Before Judges MICHELS, SKILLMAN and WEFING.

*Francis T. Giuliano* argued the cause for appellant (*Mr. Giuliano,* on the brief).

*Kenneth W. Elwood* argued the cause for appellee (*Blume, Vazquez, Goldfaden, Berkowitz & Donnelly,* attorneys; *Mr. Elwood,* on the brief).

The opinion of the Court was delivered by

WEFING, J.S.C. (temporarily assigned).

Van–Rad Contracting Company, Inc. (Van–Rad) appeals from an order entered in the Division of Workers' Compensation which awarded the petitioner-respondent Frank Della Rosa (Della Rosa) temporary disability and medical benefits for injuries Mr. Della Rosa sustained while in Van–Rad's employ for one day, on February 8, 1991.

On Friday, February 8, 1991, petitioner Della Rosa reported to work as a journeyman carpenter at Van–Rad's construction site at the Spencer Gift Shop in the Newport Mall in Jersey City. He was assigned to assist carpenter foreman George Wright (Wright) in framing walls with heavy gauge metal studs. Mr. Della Rosa also contended that he was called upon to help move a delivery of sheetrock which had been unloaded at the wrong location. During the course of these activities he began to experience a sharp pain in the lumbosacral area; he described the pain as feeling "as though somebody had their knee in my back." He also stated that during the day he had feelings of nausea and fever. Della Rosa said he worked the entire day because he feared not being recalled to the job if he left due to an injury. He hoped to be sufficiently recovered by Monday to be able to continue. He had been out of work for approximately two months at the time.

The nature of the work performed by Della Rosa for Van–Rad was sharply contested in the proceedings below. Della Rosa insisted that he was required to carry upon his shoulder approximately one dozen bundles of ten foot studs, each bundle weighing approximately 150 pounds. He also asserted that he had assisted

his foreman, Wright, in moving a pile of 55 to 75 pound boards of sheetrock. Wright, however, maintained that petitioner never moved any sheetrock that day and, indeed, would not have been allowed to do so due to union rules. Wright also contended that the studs in use at the site were light gauge metal which weighed no more than one pound apiece.

It is undisputed that prior to reporting to work with Van–Rad on February 8th, 1991, Della Rosa suffered from some back trouble. Indeed, he had seen his chiropractor on February 4 and February 6 for an adjustment and had an appointment for February 8, which had been scheduled prior to his assignment to Van–Rad. According to Della Rosa, the pain he experienced prior to his employment by Van–Rad was different in nature and "not as intense" as that he felt on February 8.

He was unable to return to work on Monday due to his pain and returned to the chiropractor. A CAT scan was performed which revealed a herniation of the L5, S1 disc.

Della Rosa has been seen by various medical doctors and has received several courses of physical therapy. In due course he filed a claim for workers' compensation benefits. The trial was conducted on various dates. At the end of the proceedings, the Judge of Compensation accepted the factual version asserted by Mr. Della Rosa and granted the motion for medical and temporary benefits pursuant to *N.J.S.A.* 34:15–15. This appeal followed.

The first issue is whether an award of temporary benefits by the Division of Workers' Compensation is a final judgment for purposes of appeal, under *R.* 2:2–3, or an interlocutory order for which leave to appeal must be obtained under *R.* 2:2–4. Several cases have expressed the view that such an award of temporary disability benefits is not appealable as of right since it is not a final judgment which disposes of all issues. *Voorhees v. Glenwal Co., Inc.,* 77 *N.J.Super.* 65, 185 *A.*2d 401 (App.Div.1962); *Andersen v. Well–Built Homes of Central Jersey, Inc.,* 69 *N.J.Super.* 246, 174 *A.*2d 216 (App.Div.1961). *See also Chickachop v. Manpower, Inc.,*

84 *N.J.Super.* 129, 201 *A.*2d 90 (Law Div.1964). Other cases have disagreed. *See, e.g., Hodgdon v. Project Packaging, Inc.* 214 *N.J.Super.* 352, 519 *A.*2d 881 (App.Div.1986), *certif. denied,* 107 *N.J.* 109, 526 *A.*2d 180 (1987), which was an appeal from an award of temporary benefits in which the parties contended that the matter was not an interlocutory appeal since the Workers' Compensation judge had certified it as final under *R.* 4:42–2. We agree with *Hodgdon* that there is no need to seek certification under *R.* 4:42–2 in order for a party to appeal an award of temporary medical and disability benefits.

An award for temporary medical and disability benefits shares many of the characteristics of a final judgment. It may be docketed in Superior Court and executed upon. It is presently payable in the absence of a stay. A petitioner who receives such an award of temporary benefits receives the equivalent of a final money judgment, and a respondent should be entitled to pursue an appeal therefrom as a matter of right.

■ Van–Rad presents two arguments in support of the merits of its underlying appeal. It contends that the factual conclusions reached by the division judge were not supported by the record presented below, and that Della Rosa's medical evidence of a causal relationship between his work and his condition was insufficient as a matter of law.

Van–Rad recognizes, as it must, that our review from such an award is circumscribed. The judgment entered by the Division should be affirmed if:

"... the findings made could reasonably have been reached on sufficient credible evidence present in the record," considering "the proofs as a whole" with due regard to the opportunity of the one who heard the witnesses to judge of their credibility and, in the case of agency review, with due regard also to the agency's expertise where such expertise is a pertinent factor.

[*Close v. Kordulak Bros.,* 44 *N.J.* 589, 599, 210 *A.*2d 753 (1965) (citation omitted).]

Within his decision, the division judge set forth the reasons why he concluded that Della Rosa's testimony was truthful and why he rejected the testimony of Wright. Van–Rad complains that several of the reasons expressed by the division judge for his rejection

of Wright's testimony are not borne out by the record. A determination of credibility, however, involves more than parsing a transcript.

Here the division judge noted what he considered the "total truthfulness and candidness" (sic) of Della Rosa and that he viewed his testimony as "forthright" and that his "testimony reflected an honest and truthful man." That the division judge may have made an error in recalling portions of Wright's testimony does not mean that we are free to conclude that the petitioner was untruthful in his testimony below.

■ Van–Rad's second argument is that Della Rosa's expert medical testimony was insufficient as a matter of law under the test laid down in *Aladits v. Simmons Co.*, 47 *N.J.* 115, 219 *A.*2d 517 (1966). Van–Rad's argument is unconvincing. *Aladits* sets forth the requirements a petitioner must meet in order to establish that a heart attack was caused or contributed to by employment. That test has not been applied to injuries such as Della Rosa's.

■ Finally, Della Rosa's counsel seeks counsel fees for his services on this appeal and post-judgment interest upon the award entered below. Although we have concluded that an award of temporary benefits by the Division of Workers' Compensation shares many of the characteristics of a judgment for purposes of appeal, an undocketed award is not, in fact, a judgment. Interest upon awards is governed by *N.J.S.A.* 34:15–28, not *R.* 4:42–11(a). *Amorosa v. Jersey City Welding & Mach. Works*, 214 *N.J.Super.* 130, 518 *A.*2d 529 (App.Div.1986); *Cohrs v. Igoe Brothers, Inc.*, 71 *N.J.Super.* 435, 177 *A.*2d 284 (App.Div.1962). His application for counsel fees, moreover, is not properly before this court since it does not comply with *R.* 2:11–4.

Affirmed.