NOT FOR PUBLICATION WITHOUT THE
 APPROVAL OF THE APPELLATE DIVISION
 This opinion shall not "constitute precedent or be binding upon any court."
 Although it is posted on the internet, this opinion is binding only on the
 parties in the case and its use in other cases is limited. R.1:36-3.

 SUPERIOR COURT OF NEW JERSEY
 APPELLATE DIVISION
 DOCKET NO. A-3978-15T2

YURIEL MONDRAGON CALIX,

 Petitioner-Respondent,

v.

A2Z UNIVERSAL LANDSCAPING and
UTICA NATIONAL INSURANCE GROUP,

 Respondents-Appellants,

and

ROBERT WOOD JOHNSON UNIVERSITY
HOSPITAL,

 Intervenor-Respondent.
_______________________________________

 Submitted August 30, 2017 – Decided September 7, 2017

 Before Judges Rothstadt and Vernoia.

 On appeal from the Department of Labor and
 Workforce Development, Division of Workers'
 Compensation, Docket No. 14-30560.

 Braff, Harris & Sukoneck, attorneys for
 appellant A2Z Universal Landscaping (Glenn A.
 Savarese, of counsel; Nicholas J. Grau, on the
 brief).

 Lois Law Firm, LLC, attorneys for appellant
 Utica National Insurance Group (Gregory Lois,
 on the brief).
 Ginarte, O'Dwyer, Gonzalez, Gallardo &
 Winograd, LLP, attorneys for respondent Yuriel
 Mondragon Calix (Christopher Iavarone, on the
 brief).

PER CURIAM

 Appellant A2Z Universal, LLC, (A2Z) appeals a Division of

Workers' Compensation May 12, 2016 order awarding temporary

disability benefits to petitioner Yuriel Mondragon Calix. A2Z

claims the order was entered in error because there was

insufficient evidence supporting the Division's determination that

A2Z was Calix's employer. We agree and reverse the Division's

order.

 Calix was injured on June 3, 2014 in a workplace accident.

He was hospitalized, spent two months in a rehabilitation center,

required ongoing medical treatment, and was unable to work.

 Calix filed a workers' compensation petition alleging he was

employed by RNR Technologies, Inc. (RNR) at the time of the

accident. RNR is not insured and did not respond to the petition.

Calix filed a second petition alleging he was employed by A2Z,

which was insured by Utica National Insurance Group (Utica) at the

time of the accident. Utica initially paid Calex benefits, but

then ceased doing so. In its answer to the petition, A2Z denied

Calix was its employee.

 2 A-3978-15T2
 In March 2015, Calix filed a motion against RNR for medical

and temporary benefits. In support of the motion, Calix submitted

a certification of counsel stating Calix commenced his employment

with RNR in February 2014, he worked for RNR at 3200 Bordentown

Avenue in Parlin, and he was injured at the location while working

for RNR on June 3, 2014. RNR did not respond to the motion.

 In April 2015, Calix filed a separate motion for medical and

temporary benefits against A2Z. The motion was supported by a

certification, but it did not assert any facts showing Calix was

employed by A2Z. In its response to the motion, A2Z again denied

Calix was its employee.

 In August 2015, Utica filed a motion to dismiss the petition

against its insured A2Z. Utica asserted that dismissal was

warranted because Calix was not employed by A2Z and, instead, was

employed by RNR.

 The worker's compensation judge conducted a hearing on

Calix's motion seeking medical and temporary benefits from A2Z.

Calix was the only witness. He testified he began working at 3200

Bordentown Avenue in Parlin1 a few months prior to the accident,

was paid cash, and never received any documentation identifying

1
 As noted, counsel's certification in support of Calix's motion
for medical and temporary benefits against RNR identified 3200
Bordentown Avenue as the location of RNR's business.

 3 A-3978-15T2
his employer. During his employment, he never worked at a

different location. Calix could not identify his employer, and

instead explained he was hired by Roger West and an individual

named Steve and that they were his "boss[es]". Calix did not know

anything about A2Z, did not recall ever hearing A2Z's name, and

never saw any signs bearing A2Z's name at his work site.

 After hearing Calix's testimony, the workers' compensation

judge directed that A2Z pay Calix temporary benefits retroactively

to the date of the accident. The court found Calix was hired by

"Steve or Roger West," they paid Calix in cash, they did not comply

with the legal requirements to make payroll deductions, and it was

not Calix's fault his "employer" failed to comply with its

responsibilities. The judge stated that Calix was "working for

someone," whether it be "[t]he West's" or "somebody else behind

the scenes," but that "it seems that there was some entity running

the place." The judge found Calix had been without temporary

benefits, did not have any money, and was entitled to benefits.

The judge awarded temporary benefits and determined that "[a]t the

end of the proceeding we can ascertain who's going to be

responsible." The judge entered an order, and A2Z appealed.2

2
 An award of temporary disability benefits is a final judgment
appealable as of right. Della Rosa v. Van-Rad Contracting Co., 267
N.J. Super. 290, 294 (App. Div. 1993); Hodgdon v. Project

 4 A-3978-15T2
 "Appellate review of workers' compensation cases is 'limited

to whether the findings made could have been reached on sufficient

credible evidence present in the record . . . with due regard also

to the agency's expertise.'" Hersh v. County of Morris, 217 N.J.

236, 242 (2014) (quoting Sager v. O.A. Peterson Constr., Co., 182

N.J. 156, 164 (2004)). Deference is given to the factual findings

of a judge of compensation who has the opportunity to assess the

witnesses' credibility from hearing and observing their testimony.

Lindquist v. Jersey City Fire Dep't., 175 N.J. 244, 262 (2003).

Those findings should not be reversed unless they are "manifestly

unsupported by or inconsistent with competent relevant and

reasonably credible evidence as to offend the interests of

justice." Ibid. (quoting Perez v. Monmouth Cable Vision, 278 N.J.

Super. 275, 282 (App. Div. 1994), certif. denied, 140 N.J. 277

(1995)). Yet, the judge's "interpretation of the law and the

legal consequences that flow from established facts are not

entitled to any special deference." Manalapan Realty v. Manalapan

Twp. Comm., 140 N.J. 366, 378 (1995).

 A2Z and Utica argue the obligation to pay disability benefits

can only be imposed upon an employer, and the court erred by

Packaging, Inc., 214 N.J. Super. 352, 360 (App. Div. 1986), certif.
denied, 107 N.J. 109 (1987).

 5 A-3978-15T2
awarding temporary disability benefits because there was no

evidence showing that A2Z was Calix's employer.3 In pertinent

part, N.J.S.A. 34:15-15 permits an award of temporary disability

benefits where, as here, an employer or its insurance carrier

refuses to provide such benefits. The workers' compensation judge

awarded Calix benefits under N.J.A.C. 12:235-3.2(h), which

provides that where it appears on a motion for temporary benefits

"the only issue involved is which carrier or employer is liable

to [the] petitioner for the benefits sought," the judge may order

one carrier or employer to pay benefits pending the final

resolution of the issue.

 Under the plain language of N.J.S.A. 34:15-15, the obligation

to pay temporary disability payments falls only upon the

petitioner's employer. Cortes v. Interboro Mut. Indem. Ins. Co.,

232 N.J. Super. 519, 521 (App. Div. 1988), aff'd, 115 N.J. 190

(1989). N.J.A.C. 12:235-3.2 is part of the regulatory framework

implementing the award of benefits under N.J.S.A. 34:15-15. See

N.J.A.C. 12:235-3.2. It allows temporary benefits where "the only

issue involved is which carrier or employer is liable for the

3
 A2Z and Utica make an alternative argument that the judge erred
by awarding the benefits without affording them the opportunity
to call witnesses. It is unnecessary to address this contention
because we conclude the evidence did not support the judge's
determination that A2Z was Calix's employer.

 6 A-3978-15T2
benefits sought," N.J.A.C. 12:235-3.2(h), which presupposes that

a respondent ordered to pay temporary benefits is the petitioner's

employer in the first instance.

 Here, the judge held a hearing on Calix's motion for temporary

benefits under N.J.S.A. 34:15-15 and N.J.A.C. 12:235-3.2(h). The

judge was therefore required to determine if A2Z was Calix's

employer.4 But the record before the judge was bereft of any

evidence A2Z employed Calix. Instead, Calix testified he had no

knowledge of the identity of his employer beyond having been hired

by "Steve and Roger West," and he had no knowledge that A2Z was

his employer. Nevertheless, and although the judge did not make

an express finding Calix was employed by A2Z, he ordered A2Z to

pay temporary disability benefits to Calix. There is no evidence

supporting the judge's implicit finding A2Z was Calix's employer

and therefore no basis upon which the judge could properly award

temporary benefits under N.J.S.A. 34:15-15.

4
 N.J.A.C. 12:235-3.2(f) provides that under certain circumstances
a prima facie case of entitlement to an award of temporary
disability payments may be established by "[a]ffidavits,
certifications and medical reports," but there were no affidavits
or certifications establishing A2Z was Calix's employer. See Hogan
v. Garden State Sausage Co., 223 N.J. Super. 364, 366-67 (App.
Div. 1998). The only evidence presented was Calix's testimony
which, for the reasons noted, did not support the judge's
determination A2Z employed Calix when the accident occurred.

 7 A-3978-15T2
 Because we conclude there was no evidence supporting the

court's order, it is unnecessary to address A2Z's contention that

it was deprived of an opportunity to present witnesses and other

evidence at the hearing.

 Reversed.

 8 A-3978-15T2